**[J-120-2019][M.O. – Mundy, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 771 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated 11/21/18 |
| | : | (docketed 11/26/18) in the Court of |
| | : | Common Pleas, Bucks County, Criminal |
| v. | : | Division at No. CP-09-CR-0006917- |
| | : | 2005 |
| | : | |
| | : | |
| ROBERT ANTHONY FLOR, | : | |
| | : | |
| Appellant | : | SUBMITTED:  December 19, 2019 |

*CONCURRING OPINION*

**JUSTICE SAYLOR**                                     **DECIDED:  September 22, 2021**

As a threshold matter, my personal preference would be to remand for an adequate opinion by the PCRA court before proceeding with the direct appellate review.

In its opinion explaining the reasons supporting a denial of post-conviction relief, the PCRA court summarily pronounced that "the sole issue raised now is that [Appellant's] prior counsel was constitutionally ineffective for not arguing that [Appellant] was intellectually disabled and therefore not subject to execution under existing law." *Commonwealth v. Flor*, No. 6917 & 6917-01/2005, *slip op.* at 45 (C.P. Bucks Feb. 22, 2019).  As Appellant explains and the majority recognizes, however, Appellant raised numerous issues in his PCRA petition and carried these through to his post-hearing brief and notice of appeal.  In my judgment, it was the responsibility of the PCRA court to specify its reasons supporting its ruling on all of these challenges, *see* Pa.R.A.P.

1925(a), and presently, I would remand for the court to satisfy its duty in this regard. I continue to believe that this Court should strongly discourage this sort of shortcutting of the essential obligations of trial and post-conviction courts, to a degree which undermines the salient purposes of the applicable procedural rules.[1]

Since the majority undertakes the appellate review notwithstanding, I proceed, in the alternative, to join Parts I, II, III(G), VI and VII of the opinion and concur in the result relative to the balance.

As to Part III(F), *i.e.*, the reviewability of Appellant's claim under *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002), I join Part II of Justice Wecht's dissenting opinion, since it recognizes that the imposition of capital punishment upon an intellectually disabled person exacts an illegal sentence, and therefore, rejects the majority's assessment that the claim is waived. *See* Dissenting Opinion, *slip op.* at 29-

---

[1] *Accord Commonwealth v. Williams*, 566 Pa. 553, 568-69, 782 A.2d 517, 527 (Pa. 2001) (rejecting a check-the-box approach by PCRA courts in an attempt to address -- or, more pointedly, to skirt -- their obligation to supply "sufficiently specific reasons for the [summary dismissal of a PCRA petition] such that the potential for amendment may be reasonably evaluated by counsel"); *Commonwealth v. Williams,* 557 Pa. 207, 224–25, 732 A.2d 1167, 1176 (1999) (reflecting one of several post-conviction cases in which PCRA judges have inappropriately attempted to satisfy their obligation to prepare independent opinions via wholesale adoption of Commonwealth briefs).

Notably, the record does not reflect that the PCRA court required Appellant to clarify the issues being pursued on appeal in a statement under Rule of Appellate Procedure 1925(b). From this, the majority surmises that the PCRA court may have decided that a written opinion was not required on the bulk of the issues presented, absent a Rule 1925(b) statement being requested. *See* Majority Opinion, *slip op.* at 50-51 n.25. It should be noted, however, that such an approach is plainly contrary to the applicable procedural rules. Specifically, the judge's obligation to prepare a supporting opinion -- as set forth in Rule of Appellate Procedure 1925(a) -- pertains whether or not he or she requires clarification of the errors complained of on appeal via the filing of a statement of matters complained of on appeal under Rule 1925(b).

35.[2] I am in a concurring posture, relative to the *Atkins* claim, only because I support the majority's alternative merits analysis in Part III(G).

I also join Part III of Justice Wecht opinion, save for the opening paragraph, relative to the district attorney's disregard of *Caldwell v. Mississippi*, 472 U.S. 320, 105 S. Ct. 2633 (1985), when the prosecutor advised the sentencing jurors that they didn't

---

[2] *Accord Atkins v. Virginia* 536 U.S. 304, 321, 122 S Ct. 2242, 2252 (2002) (holding that the Eighth Amendment "'places a substantive restriction on the State's power to take the life' of [an intellectually disabled] offender" (quoting *Ford v. Wainwright*, 477 U.S. 399, 405, 106 S. Ct. 2595, 2599 (1986))); *White v. Commonwealth*, 600 S.W.3d 176, 180 (Ky. 2020) ("[W]hen a punishment is prohibited by the Eighth Amendment blocking an entire category of individuals from a certain penalty, and evidence has been established creating a reasonable doubt as to whether a defendant is a member of that category, the issue cannot be waived.").

The only nuance is that I have do not subscribe to the notion, expressed in Justice Wecht's dissent, that a proper application of *Atkins* implicates the truth-determining process as contemplated in the eligibility provisions of the PCRA. *See* Dissenting Opinion, *slip op.* at 33. As I explained recently in a separate concurrence:

> My difficulty is with conceptualizing that the Pennsylvania General Assembly would have contemplated a retroactive application of the United States Supreme Court's Eighth Amendment evolving-norms jurisprudence as impacting on the truth-determining process. To me, it would be more straightforward to couch the impediment as a legal one being retroactively imposed under the transformed federal jurisprudence and to apply the rationale of *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), to support eligibility. *See id.* at 222-25, 736 A.2d at 569-70 (reconciling the PCRA's competing objectives to channel the gamut of collateral challenges to judgments of sentence through the statutory scheme versus the apparent aim to narrow the classes of cases that could be considered in favor of a broader, non-textual approach to eligibility).

*Commonwealth v. Cobbs*, J-16-2021 (Saylor, J., concurring).

"hold the power of life and death in [their] hands."  Dissenting Opinion, *slip op.* at 35-38 (quoting, indirectly, N.T., Nov. 16, 2006, at 78-79).